## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>PLAINTIFF<br><br>V.<br><br>JEFFERY M. CLARK,<br><br>and<br><br>TIFFANY L. CLARK,<br><br>DEFENDANTS | CIVIL ACTION NO.:<br><br>COMPLAINT FOR FORECLOSURE AND SALE<br><br>**(Title to Real Estate Involved)** |

**Mortgage Recorded in Somerset County Registry of Deeds in Book 4018, Page 163**
**124 Martin Stream Road, Norridgewock, ME 04957**

NOW COMES the United States Department of Agriculture (the "Plaintiff"), by and through its Counsel and complains against the Defendants and says as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1345.

2. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

### PARTIES

3. Plaintiff is a Government Agency with an address of P.O. Box 66827, St. Louis, MO 63166.

4. Jeffery M. Clark is an individual with a last-known address of 5580 Baxter Road, Town of Baxter, County of Putnam, and State of Tennessee.

5. Tiffany L. Clark is an individual with a last-known address of 5580 Baxter Road, Town of Baxter, County of Putnam, and State of Tennessee.

## FACTS

6. On or about June 25, 2008, Defendant Jeffrey M. Clark executed and delivered a promissory note (the "Note") to the Plaintiff in the amount of $160,080.00. A true copy of the Note is attached hereto as **Exhibit 1** and is incorporated herein.

7. On or about June 25, 2008, Defendants granted a mortgage (the "Mortgage") to the Plaintiff to secure the Note. The Mortgage is recorded in the Somerset County Registry of Deeds at Book 4018, Page 163. A true copy of the Mortgage is attached hereto as **Exhibit 2** and is incorporated herein.

8. The property secured by the Mortgage is known as 124 Martin Stream Road, Norridgewock, ME 04957 and is more particularly described in the Mortgage (the "Property").

Foreclosure of Mortgage Pursuant to 14 M.R.S.A. §§ 6321-6326

9. Default exists under the terms of the Note in that the monthly payment due under the terms of the Note on June 25, 2019, and all further payments coming due under the terms of the Note on any later date, have not been paid.

10. As a result of the default under the terms of the Note, the condition of the Mortgage has been breached.

11. The Plaintiff has complied with 14 M.R.S.A. § 6111 and any and all notice provisions in the Note and Mortgage. A true copy of the notices required by 14 M.R.S.A. § 6111, as

sent by Plaintiff's Counsel, together with proof of mailing of the same, collectively are attached as **Exhibit 3** and are incorporated herein.

12. As of December 15, 2024, the amount due and owing on the loan evidenced by the Note and secured by the Mortgage consisted of $171,273.29 in principal, $79,285.74 in accrued interest and $25,632.29 in other fees, for a total of $276,191.32.

13. Additional interest is accruing on the principal balance at the rate of $25.2218 per day.

14. Under the terms of the Note and the Mortgage, repayment of all costs and expenses, including reasonable attorney's fees, incurred by the Plaintiff in enforcing the Note and in bringing the current action are payable to the Plaintiff and are secured by the Mortgage.

15. Under the terms of 14 M.R.S.A. § 6101, if the Plaintiff prevails in foreclosing upon the Mortgage in this proceeding, then it shall be entitled to have its reasonable attorney's fees incurred for the foreclosure to be included with the expense of publication, service and recording in making up the sum to be tendered by the Defendants or any person claiming under the Defendants in order to be entitled to redeem the Property from the Mortgage.

16. Plaintiff certifies that it is the owner and holder of the Note and owner of the Mortgage, and that Plaintiff is the party entitled to enforce the Note as the owner and holder of the same.

**WHEREFORE**, the Plaintiff prays that this Court:

A. Determine that there has been a breach of condition of the Mortgage;

B. Determine the amount due on the obligations secured by the Mortgage, including, but not limited to, principal, interest, late charges, reasonable attorney's fees, and court costs;

C. Determine the order of priority of such other parties as may appear, together with the amounts due such parties, if any;

D. Issue a judgment of foreclosure and sale in conformity with Title 14, §6322;

E.  Grant possession of the Property to the Plaintiff upon expiration of the period of redemption; and

F.  Grant the Plaintiff such other and further relief as this Court deems just and proper.

Dated this April 16, 2025

/s/ *Kevin J. Crosman*
Kevin J. Crosman, Bar No. 4279
Attorney for Plaintiff

JENSEN BAIRD
Ten Free Street
PO Box 4510
Portland, Maine 04112-4510
(207) 775-7271
kcrosman@jensenbaird.com