UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 1:25-cv-00171-LEW |
| TIFFANY L. CLARK, et al., | ) ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR SERVICE BY ALTERNATE MEANS**

Plaintiff seeks to serve Defendant Tiffany Clark by alternate means. (Motion, ECF No. 16.) Following a review of the record and after consideration of Plaintiff's arguments, the Court grants the motion.

### BACKGROUND

Plaintiff asserts that it has made the following attempts to serve Defendant Tiffany Clark:

1. On May 30, 2025, a member of the Putnam County, Tennessee Sheriff's Office reported that he attempted service on Ms. Clark and noted that Ms. Clark had moved to Maine. (Affidavit of Kevin J. Crosman ¶ 2, ECF No. 16-1.)

2. In June 2025, after identifying addresses for Ms. Clark through a skip trace search, Plaintiff sent service documents to the Kennebec County Sheriff's Office (Maine). (*Id*. ¶ 3.)

3. Between June 19, 2025, and July 23, 2025, a deputy sheriff attempted service on three occasions at three separate locations. The deputy sheriff was unable to

serve Ms. Clark and noted that the last address listed for Ms. Clark was an address for land owned by a municipality. (*Id.* ¶ 4.)

4. In August 2025, Plaintiff conducted another skip trace search to locate Plaintiff. The skip trace search failed to identify a new address for Ms. Clark. (*Id.* ¶ 5.)

5. Between August 20, 2025, and October 10, 2025, the Kennebec County Sheriff's Office, in consultation with Plaintiff's legal representative, attempted without success to identify another address for Ms. Clark. A deputy sheriff personally investigated potential leads regarding Ms. Clark's location. On or about October 10, 2025, the deputy sheriff reported that he had exhausted all leads for locating Ms. Clark. (*Id.* ¶ 6.)

Plaintiff asks the Court to approve service upon Ms. Clark by electronic communication through the social media platform Facebook. Plaintiff asserts that Ms. Clark "maintains an active and regularly monitored account" on Facebook. (*Id.* ¶ 8.)

## DISCUSSION

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process." *Wells Fargo Bank, N.A. v. Dodge*, No. 2:22-cv-00412-LEW, 2024 WL 1309377, at *1 (D. Me. Mar. 27, 2024). "Service may also be accomplished 'by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where

service is made.'" *Id.* (quoting *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *2 (D. Me. June 13, 2016)).

Maine law permits service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1). To satisfy that standard, a movant must submit "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule 4(g)(2), as well as an affidavit showing that (1) the movant has demonstrated due diligence in attempting to obtain personal service of process, (2) the identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and (3) the requested method and manner of service is reasonably calculated to provide actual notice of this action and is the most practical method of effecting notice of the suit. Me. R. Civ. P. 4(g)(1)(A)–(C). Whether a movant's actions constitute due diligence depends on the factual circumstances of the case. *MATSCO v. Brighton Family Dental, P.C.*, 597 F. Supp. 2d 158, 163 (D. Me. 2009).

Maine allows alternate service to be made "by leaving a copy of the order authorizing service by alternate means, the summons, complaint, and notice regarding Electronic Service at the defendant's dwelling house or usual place of abode," "by publication unless a statute provides another method of notice," or "electronically or by any other means not prohibited by law." Me. R. Civ. P. 4(g)(1).

Plaintiff has demonstrated its diligence in its efforts to serve Ms. Clark by customary methods, has demonstrated that its efforts have been unsuccessful, and has demonstrated that further similar efforts are unlikely to be successful. The issue is whether the alternate

3

service proposed by Plaintiff (i.e., by electronic service through Facebook) is appropriate in this case.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Here, provided Ms. Clark maintains and regularly monitors a Facebook account as Plaintiff asserts, service of the complaint, summons, and a copy of this order would constitute "notice reasonably calculated to give actual notice" of this action to Ms. Clark. (*Id.*) The Court, therefore, will authorize service by electronic and other means.

## Conclusion

Following a review of the record, for the reasons explained herein, the Court grants Plaintiff's motion for alternate service and orders that service may be accomplished on Defendant Tiffany L. Clark as follows:

1. Delivering to Tiffany L. Clark electronically, through the social media platform Facebook, the complaint, summons, and a copy of this order, provided that for service to be effective, the return of service must include objective verification that the account to which the documents were delivered/posted is an account registered to and regularly monitored by Tiffany L. Clark; and

2. Mailing the complaint, summons, and a copy of this order to 141 Smithfield Rd., Oakland, Maine, the last known house address for Ms. Clark. (See Exhibit 3 to Affidavit of Kevin J. Crosman, ECF No. 16-4.)

## **NOTCE**

  Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

                <u>/s/ John C. Nivison</u>
                U.S. Magistrate Judge

Dated this 2nd day of December, 2025.