**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

=

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>PLAINTIFF<br><br>v.<br><br>JEFFREY M. CLARK & TIFFANY L. CLARK,<br><br>DEFENDANTS | **CIVIL ACTION NO.: 1:25-cv-00171-LEW** |

# JUDGMENT OF FORECLOSURE AND ORDER OF SALE

**(Title to Real Estate Involved)**

**Mortgage Recorded in Somerset County Registry of Deeds at Book 4018, Page 163**
**Street Address: 124 Martin Stream Road, Norridgewock, Maine**

This matter came on before the Court upon the Motion for Default Judgment (the "Motion") filed by Plaintiff United States Department of Agriculture ("Plaintiff") seeking judgment by default against Jeffery M. Clark and Tiffany L. Clark ("Borrowers" or "Defendants"). Upon consideration of the Motion and other filings in this case, this Court finds as follows:

1. Pursuant to 14 M.R.S.§ 2401(3), this Court finds that:

   a. The names and addresses of the parties and counsel of record are as follows:

| Party | Counsel |
|---|---|
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166 | Stephean C. Chute, Esq., Bar No. 06828<br>Braucher & Associates, PLLC<br>764 Chestnut Street, Suite 1<br>Manchester, NH 03104 |
| Tiffany L. Clark<br>141 Smithfield Road<br>Oakland, ME 04963 | None |
| Jeffery M. Clark<br>5580 Baxter Road<br>Baxter, TN 38544 | None |

b. The docket number of this case is **1:25-cv-00171-LEW.**

c. Service of the documents required by Fed. R. Civ. P. 4(e)(1) was made in hand upon Defendants, and Defendants have received notice of this action in accordance with the Maine Rules of Civil Procedure. Me. R. Civ. P. 4(c)(2).

d. The property upon which Plaintiff seeks to foreclose in this case (the "Property") is adequately described in ¶ 4 m. below.

2. Defendants Jeffery M. Clark and Tiffany L. Clark were served on or about January 13th 2025, by certified mail with the statutory notice pursuant to 14 M.R.S.A. § 6111 of Notice of Default and Right to Cure which set out the default under terms of the Promissory Note and Mortgage: (ECF Nos. 10, 21).

a. Defendants defaulted upon the terms of the Loan as evidenced by the Promissory Note on June 25, 2019, by failure to make the payments when due;

b. Notice was made to Defendants of the Right to Cure the default by February 22, 2025.

c. As of the date of the § 6111 Notice Of Default And Right To Cure, the amount needed to cure the default was $109,121.27, which was itemized as follows:

| | |
|---|---|
| Past due payments of principal, interest and escrows: | $ 92,639.07 |
| Preservation and inspection fees: | $ 11,878.55 |
| Late Charges: | $ 2,533.65 |
| Attorney's Fees and Costs: | $ 2,070.00 |
| Less Subsidy: | $ 0.00 |
| TOTAL CURE AMOUNT | $ 109,121.27 |

d. Upon qualified testimony and the record within this Court, Defendants failed to make a cure of the default.

3. On March 5, 2026, the Clerk entered an Entry of Default, against the Defendant, Tiffany Clark because of her failure to appear, plead or otherwise defend this action. (ECF No. 21)

On July 18th 2025, the Clerk entered an Entry of Default, against the Defendant, Jeffrey Clark because of his failure to appear, plead or otherwise defend this action. (ECF No. 10)

4. By virtue of the default, the following allegations of the Complaint are established as facts:

a. This is an action for foreclosure and sale respecting the real property located at or about 124 Martin Stream Road, Town of Norridgewock, County of Somerset, and State of Maine (the "Property");

b. Tiffany L. Clark is an individual residing at 141 Smithfield Road, Oakland, ME 04963; Jeffery M. Clark is an individual residing at 5580 Baxter Road, Baxter, TN 38544;

c. On or about June 25, 2008, Defendants executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $160,080.00; A true copy of the Note is attached as Exhibit 1 to the Complaint;

d. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, Defendants, on or about June 25, 2008, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents) secured against the Property (the "Property"). A true copy of the Mortgage is attached as Exhibit 2 to the Complaint;

e. The Mortgage secures the obligations of Defendants under the terms of the Note;

f. The Property is more particularly described in the Mortgage recorded at Book 4018, Page 163 within the Somerset County Registry of Deeds;

g. Under the terms of the Loan Documents, if Borrower defaulted in the payment of the obligations evidenced by the Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under the Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction;

h. Defaults now exist under the terms of the Note in that, among other things, Defendants failed to make the monthly payment that came due under the Note on June 25, 2019, and all other payments that have come due thereunder;

i. Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same;

j. As a result of the defaults under the terms of the Note, Defendants have breached the condition of the Mortgage;

k. Defendants have been defaulted under Fed. R. Civ. P. 55(b)(2);

l. By virtue of the Borrowers' and/or Defendants' breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property;

m. As set forth in the Mortgage attached as Exhibit 2 to the Complaint, the Property is bounded and described as follows:

**EXHIBIT A**

*Description of property being mortgaged by*
*Jeffery M. Clark* to Tiffany L. Clark
*USDA, Rural Housing Service*

Land situated in Norridgewock, Somerset County, State of Maine, and being Lot Numbered 3 on a Final Plan of Scott Subdivision surveyed by Campbell Land Surveys, dated July 28, 2004, which plan is recorded in the Somerset County Registry of Deeds in Plan File 2004, Page 71.

The conveyed premises are SUBJECT TO THE FOLLOWING SEVEN RESTRICTIONS:

1. Residential use.
2. Minimum width or length of residence, excluding porches, garages or ells is 24 feet
3. Residence must be on a permanent foundation.
4. No lot may be subdivided for five years. Thereafter, only with Planning Board approval.
5. Other than the residence and private garage, no more than one unattached structure may be placed on a lot.
6. Setbacks; minimum of 50 feet from road, 25 feet from side and rear lot lines.
7. Grantees herein, their heirs and assigns forever, shall not impede the usual and customary agricultural activities of the grantor herein, its successors and assigns, through litigation, trespass or any other means.

5. As of October 7, 2026, the date of the hearing, the amount due and owing to the Plaintiff under the terms of the Note and the Mortgage totaled $300,213.85, and consisted of the following:

| | |
|---|---|
| Principal | $171,273.29 |
| Interest to October 7, 2026 | $67,896.66 |
| Subsidy | $28,060.58 |
| Other Fees | $32,983.32 |
| TOTAL | $300,213.85 |

Additional interest continues to accrue on the principal portion of this balance at the rate of $25.2218 per day after that date.

6. Pursuant to 14 M.R.S.A § 1602-B(2), pre-judgment interest is accruing on the principal portion of this balance at the Note rate of 5.3750% per year, or $25.2218 per day, from and after, December 15, 2024, through and including the date of this Judgment.

7. Pursuant to 14 M.R.S. § 1602-C, post-judgment interest will accrue upon entry of the Judgment at the rate of 9.51%. Post-judgment interest on any post-sale deficiency will be at the "money judgment" rate set forth in 28 U.S.C.§1961.

8. Plaintiff has incurred costs in the amount of $6,600.24 and costs of $1,079.76 for legal services which is separately supported by the Affidavit of Counsel specifying services, billed hours and rates provided by its counsel in connection with this action. Plaintiff is awarded its attorney's fees and costs in the amount of $7,680.00 as due and owing on the Note and Mortgage.

9. The amounts due to Plaintiff found within the judgment upon the date of hearing for $300,213.85, shall be together with the attorney fees of $7,680.00 ordered in the total judgment of $307,893.85.

10. Plaintiff's claim for attorney's fees is allowed pursuant to Federal Rule of Civil Procedure 54(d)(2)(A).

11. Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

12. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND: The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of Defendants, Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

ACCORDINGLY, it is hereby **ORDERED** that:

A. Unless within ninety (90) days from the date hereof, Defendants pays Plaintiff the amount owing on the Note and the Mortgage, together with accrued interest and attorney's fees and costs, all as set forth above, the Plaintiff shall sell the Property pursuant to 14 M.R.S.A. § 6321 *et seq*. and disburse the proceeds of said sale, after deducting the expenses thereof, in the amounts and priorities as determined above.

B. The Plaintiff is granted exclusive possession of the Property upon expiration of the statutory ninety (90) day redemption period, if it is not redeemed within the time set forth above, as aforesaid.

C. A Writ of Possession shall be issued to the Plaintiff for possession of the Property if it is not redeemed within the time set forth above, as aforesaid.

D. The Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Fed. R. Civ. P. 54(b), except as to any additional

post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security.

SO ORDERED.

Dated this 13th day of November , 2026.

/s/ Lance Walker
Chief U.S. District Judge